UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRENDA ROBINETTE, | ) | Case No. 5:16-cv-01485 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SARA LIOI |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| UNION HOSPITAL, et al., | ) | KATHLEEN B. BURKE |
| | ) | |
| Defendants. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |

On June 15, 2016, Plaintiff Brenda Robinette ("Plaintiff" or "Robinette") filed a Complaint alleging discrimination and retaliation based on race, naming two Defendants: Union Hospital ("Hospital") and Mancan Staffing Agency ("Mancan"). Doc. 1. Both Defendants filed Answers. Doc. 11 (Defendant Hospital); Doc. 14 (Defendant Mancan).

Defendant Hospital and Defendant Mancan have each filed a motion for judgment on the pleadings. Doc. 12 (Defendant Hospital); Doc. 15 (Defendant Mancan).[1] They argue that Plaintiff failed to exhaust her administrative remedies with respect to the claims alleged in her Complaint, i.e., violations of Title VII based on alleged racial discrimination, and therefore her Complaint is subject to dismissal.[2] Doc. 12; Doc. 15.

Pursuant to the Order of Reference (Doc. 6), Defendants' motions for judgment on the pleadings are before the undersigned for a Report and Recommendation. The Defendants'

---

[1] Plaintiff alleges in her Complaint that she was placed in a temporary to permanent phlebotomy position at Union Hospital through Mancan. Doc. 1, p. 1.

[2] Defendant Mancan also argues that Plaintiff's Complaint is subject to dismissal because her claims amount "to no more than speculation, which on their face, fail to establish plausibility." Doc. 15, p. 6.

1

motions for judgment on the pleadings have been fully briefed and are ripe for the Court's consideration.[3]

Robinette's claims are based on an alleged violation of Title VII. As discussed below, Robinette admits that she did not file a charge with the EEOC regarding the allegations contained in her Complaint. Accordingly, in light of Robinette's failure to exhaust her administrative remedies, the undersigned recommends that the Court **GRANT** Defendant Union Hospital's and Defendant Mancan Staffing Agency's motions for judgment on the pleadings (Doc. 12; Doc. 15) and **DISMISS** Plaintiff's (Doc. 1) Complaint without prejudice.

## I.   Factual Allegations

During 2015, Robinette registered with Mancan Staffing Agency. Doc. 1, p. 1. Through Mancan Staffing Agency, on or about February 22, 2016, Robinette was placed in a temporary phlebotomy position at Union Hospital. Doc. 1, p. 1. Robinette contends that, since she was trained in all respects and because the emergency room is demanding, she was surprised that, during her second week at Union Hospital, she was assigned only to the emergency room. Doc. 1, p. 3. She states that, "[a]lthough Union hospital staff [was] predominantly white with very minimal diversity, I still did my job as a healthcare professional to the best of my abilities. I was however reminded quite often that I was black. More so by the staff then the patients." Doc. 1, p. 3. Robinette states that she was "treated with very little respect, and one of the ER nurses . . . [t]alked down to [her] in front of a patient, and followed [her] around most of the night." Doc. 1,

---

[3] Defendant Hospital filed its motion on July 25, 2016 (Doc. 12) and on, August 16, 2016, Plaintiff filed an Objection to Defendant Hospital's motion (Doc. 13). Defendant Mancan filed its motion on August 17, 2016 (Doc. 15), and on August 26, 2016, Plaintiff filed an Objection to Defendant Mancan's motion (Doc. 19).

p. 3. She also alleges that Union Hospital talked with her regarding complaints raised about her. Doc. 1, p. 4; Doc. 11, p. 1 ¶ 3.

On March 11, 2016, Mancan notified Plaintiff that Union Hospital had terminated her employment with the hospital. Doc. 1, p. 5; Doc. 14, p. 3, ¶ 10. When Plaintiff learned that she had been terminated she "could not believe it." Doc. 1, p. 5. She felt she "had definitely proved [her] capability as well as skills . . . worked very hard every night, and [there was] more than one occasion where [she] had to go and get draws that other phlebotomists could not get." Doc. 1, p. 5. Plaintiff further states that "[she] knew [she] was being treated differently because of [her] skin color and [her] race." Doc. 1, p. 5. She claims "[she] was set up to fail, and made to work in a hostile environment." Doc. 1, p. 6.

Plaintiff states that she is also "claiming discrimination as well as retaliation against Mancan Staffing Agency[.]" Doc. 1, p. 6. She claims that "Mancan has shown consent to the discriminating events from Union Hospital, as well as retaliated against me, by terminating me,[4] and not allowing me any further work opportunities with their agency, for exercising my rights." Doc. 1, p. 6.

## II. Standard for Ruling on a Motion for Judgment on the Pleadings

"The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)(citing *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001)(internal citations omitted). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party

---

[4] Plaintiff states that she was terminated by Mancan for violating a Mancan policy that prohibited her from having contact with Union Hospital after Union Hospital had terminated her. Doc. 1, p. 6. Plaintiff claims that she was not and has not been provided a copy of the stated policy. Doc. 1, p. 6.

must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Fritz,* 592 F.3d at 722 (quoting *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 581 (6th Cir.2007)).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). A defendant is entitled to "fair notice of what the . . . claim is and the ground upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570.). While great detail is not required in a complaint, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[;] . . . [f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations omitted).

### III.    Law and Analysis

Under Title VII of the Civil Rights Act of 1964, it is unlawful for an employer or employment agency to discriminate against an individual because of the individual's race. 42 U.S.C. § 2000e-2(a)-(b). Under Title VII, an individual must file a timely charge with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1); *see also Flagg v. Staples the Office Superstore East, Inc.*, 138 F.Supp.3d 908, 914 (N.D. Ohio 2015). Furthermore, prior to filing suit under Title VII, a plaintiff must exhaust her administrative remedies. *Id.* (relying on *Crowder v. Railcrew Xpress,* 557 Fed. Appx. 487, 491 (6th Cir. 2014)). Although a failure to file a charge with the EEOC is not a jurisdictional bar, "exhaustion of administrative remedies is a precondition to filing suit"

under Title VII. *Flagg*, 138 F.Supp.3d at 914 (relying on cases, including *Lockett v. Potter*, 259 Fed.Appx. 784, 786 (6th Cir. 2008) and *Nelson v. General Elec. Co.*, 2 Fed. Appx. 425, 428 (6th Cir. 2001)). Thus, an individual may not seek relief in federal court prior to exhausting her administrative remedies. *Id.*

Both Defendants have asserted failure to exhaust administrative remedies as an affirmative defense (Doc. 11, p. 2, ¶ 2; Doc. 14, p. 4, ¶ 2) and moved for dismissal of Plaintiff's Complaint on that basis (Doc. 12; Doc. 15). In her objections to Defendants' motions for judgment on the pleadings, Plaintiff concedes that "there was no prior complaint filed with EEOC in this matter."[5] Doc. 13, p. 1; Doc. 19, p. 1.

In light of Plaintiff's concession that no EEOC complaint was filed relative to the claims she raises in this Title VII lawsuit, her Complaint is subject to dismissal for failure to exhaust administrative remedies. *See e.g., Flagg*, 138 F.Supp.3d at 914 (granting summary judgment in favor of defendant on plaintiff's Title VII claims where plaintiff had no evidence that she had filed an administrative claim).

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that the Court **GRANT** Defendant Union Hospital's and Defendant Mancan Staffing Agency's motions for judgment on

---

[5] Robinette argues that, although she did not file a complaint with the EEOC, Defendants were aware of her claims prior to the filing of her lawsuit. In support, Robinette attaches to her objections correspondence that she asserts she sent to Mancan and Union Hospital. Doc. 13-1, pp. 1-6; Doc. 19-1, pp. 1-6. Plaintiff has not established, however, that it is proper for this Court to consider said correspondence when ruling on Defendants' motions for judgment on the pleadings. *See e.g., Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989) ("Matters outside the pleadings are not to be considered" in reviewing a motion to dismiss under Fed.R.Civ.P. 12(b)(6)). Moreover, she has not established that the correspondence she sent to the Defendants satisfies her obligation to exhaust her administrative remedies by filing a charge with the EEOC.

the pleadings (Doc. 12; Doc. 15) and **DISMISS** Plaintiff's (Doc. 1) Complaint without prejudice.[6]

Date: September 28, 2016

KATHLEEN B. BURKE
U.S. MAGISTRATE JUDGE

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

---

[6] Plaintiff requests that, in the event that the Court grants Defendants' motions for judgment on the pleadings, that any dismissal be without prejudice. Doc. 13, p. 1; Doc. 19, p. 1. Neither Defendant has submitted a Reply opposing Plaintiff's request that any dismissal be without prejudice