**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRENDA ROBINETTE, | ) | CASE NO. 5:16-cv-1485 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| UNION HOSPITAL, et al., | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the Report and Recommendation of Magistrate Judge Kathleen B. Burke, recommending that the defendants' motions for judgment on the pleadings be granted and that the case be dismissed without prejudice due to failure to exhaust administrative remedies. Defendant Mancan Staffing Agency filed objections. (Doc. No. 21.)  Pursuant to Fed. R. Civ. P. 72(b)(3), the Court has conducted its *de novo* review of the matters properly raised in the objections. For the reasons discussed herein, the objections are sustained and this case will be dismissed in its entirety with prejudice.

## I. BACKGROUND

On June 15, 2017, *pro se* plaintiff Brenda Robinette ("Robinette" or "plaintiff") filed this action against Union Hospital ("the Hospital") and Mancan Staffing Agency ("Mancan") alleging discrimination and retaliation on the basis of race, "in violation of the 1964 Civil Rights Act, and the October 1977 Affirmative Action Law." (Complaint, Doc. No. 1, at 7.[1]) Although plaintiff did not supply specific statutory citations, the Court construes the complaint as alleging

---

[1] Contrary to Fed. R. Civ. P. 10(b), the complaint is in a rambling, narrative form, with no numbered paragraphs setting out specific factual allegations. Therefore, reference can only be to the page identification number generated by the Court's electronic docketing system.

a violation of Title VII of the Civil Rights Act of 1964, 78 Stat. 253, as amended, 42 U.S.C. § 2000e, *et seq.*[2] There are no claims made under any Ohio discrimination law. Plaintiff was granted leave to proceed *in forma pauperis* (*see* Order, Doc. No. 4), and the case was subjected to initial screening under 28 U.S.C. § 1915(e).

Following service of process, each defendant timely filed its answer (Answer of the Hospital, Doc. No. 11; Answer of Mancan, Doc. No. 14), each including the affirmative defense of failure to exhaust administrative remedies. Defendants also filed separate motions for judgment on the pleadings (Motion of the Hospital, Doc. No. 12; Motion of Mancan, Doc. No. 15.) The Hospital argued for judgment solely on the basis of failure to exhaust; Mancan raised that same argument, but also argued that the allegations of the complaint were insufficient as a matter of law. Plaintiff filed "objections" to each of the motions, wherein she conceded failure to exhaust, but did not address Mancan's additional argument. (Objections to the Hospital Motion, Doc. No. 13; Objections to Mancan Motion, Doc. No. 19.) Plaintiff asked the Court to simply excuse her failure to exhaust, but she provided nothing to suggest entitlement to equitable tolling. In the alternative, plaintiff asked the Court to dismiss without prejudice, to permit her an opportunity to pursue an administrative charge.

The Court referred the case to Magistrate Judge Burke for general pretrial supervision, including preparation of a report and recommendation ("R&R") on any dispositive motions. On September 28, 2016, an R&R was issued (Doc. No. 20), recommending that the Court grant both motions for judgment on the pleadings and dismiss the complaint for failure to exhaust administrative remedies. The R&R recommended dismissal without prejudice, since Robinette

---

[2] Even applying the liberal construction required for *pro se* pleadings, the Court is unable to connect the referenced "1977 Affirmative Action Law" to any specific statute.

requested that form of dismissal and, as neither defendant had filed a reply brief, it appeared to the magistrate judge (wrongly as it turns out) that neither opposed dismissal without prejudice.

The R&R indicated that any objections should be filed within fourteen (14) days. A copy of the R&R was served on all parties, including upon Robinette by regular mail sent to her address of record.[3] Neither plaintiff nor the Hospital filed any objections. Therefore, they have waived their right to challenge any recommendation made in the R&R. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) ("a party shall file objections with the district court or else waive right to appeal[]").

Mancan raised two objections to the R&R: that it failed to address Mancan's request for judgment on the pleadings premised upon plaintiff's failure to allege sufficient facts to state a valid claim under Title VII for either race discrimination or retaliation under pleading standards promulgated by the United States Supreme Court; and that it ignored Mancan's request for dismissal with prejudice that was contained in its motion, improperly concluding that a reply brief requesting dismissal with prejudice was required. (Doc. No. 21.)

## II. DISCUSSION

### A.    Standard of Review

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court

---

[3] Nothing in the record suggests that this mail was not delivered.

in light of specific objections filed by any party."). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). *See also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); LR 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections."). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

This Court reviews a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) as it would a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001); *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). The Court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw all reasonable inferences in favor of the plaintiff. *Mixon v. State of Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citation omitted). The Court need not accept legal conclusions or unwarranted inferences cast as factual allegations. *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000) (citation omitted).

**B. Analysis**

### 1.    Failure of the R&R to Address Sufficiency of the Pleadings

Mancan does not object to the overall recommendation that the case should be dismissed for failure to exhaust administrative remedies. Instead, it objects to the R&R's failure to address the specific argument in its motion regarding the sufficiency of the complaint under the pleading

4

standards of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), an argument that plaintiff also did not address when opposing Mancan's motion. Mancan asks the Court to conduct a *de novo* review of its motion in this regard.

Mancan's motion for judgment on the pleadings argues not only that plaintiff failed to exhaust her administrative remedies, but also that the complaint fails to allege the elements of a prima facie case of race discrimination and/or retaliation, and further fails to allege either that Mancan's stated reason for plaintiff's termination from employment was pretextual or with no basis in fact, or that the reason given had not actually motivated Mancan's decision. (Motion, Doc. No. 15, at 83.) Mancan asserts that the Court "is relegated to guessing how the legal conclusions Plaintiff alleges would suggest that either defendant intended to discriminate against her due to her race or retaliate against her." (*Id.*)

Although a *pro se* complaint is liberally construed and generally held to less stringent standards than pleadings drafted by attorneys, *Boag v. MacDougall*, 454 U.S. 364, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), it still must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78. The factual allegations, construed in a light most favorable to the plaintiff, must be sufficient to raise the right to relief above the speculative level. *Twombly*, 550 U.S. at 555. Plaintiff's complaint fails to meet this pleading standard.

Plaintiff alleges that, on or about February 22, 2016, she "was placed on a temp to perm phlebotomy position at [the Hospital] … through [Mancan] … ." (Compl. at 1.) Although the complaint describes generally plaintiff's overall disappointment with her phlebotomist position

at the Hospital, and her disapproval of its practice of not using "butterfly needles" (a practice she described as "very strange") (*id.* at 2-3), she fails to allege with any specificity facts that would support a claim of race discrimination and/or retaliation against either the Hospital or Mancan.

Plaintiff alleges that, "[a]lthough Union Hospital staff is predominately white with very minimal diversity, I still did my job as a healthcare professional to the best of my abilities. I was however reminded quite often that I was black. More so by the staff then [sic] the patients." (*Id.* at 3.) She claims she was "treated with very little respect," that one of the ER nurses "[t]alked down to [her] in front of a patient, and followed me around most of the night." (*Id.*) That same ER nurse "yelled at [her]" because one of her patients had a "vein blow." (*Id.*) Plaintiff alleges that this ER nurse "acted as if [plaintiff] was incompetent[.]" (*Id.* at 4.) Plaintiff also admits that a supervisor told her that there had been several complaints about her work. (*Id.*) On March 11, 2016, plaintiff was advised by Mancan that her assignment at the Hospital had ended. (*Id.* at 5; Answer of Mancan ¶ 10.)

Based on these allegations, plaintiff then conclusively states: "I knew I was being treated differently because of my skin color and my race." (*Id.* at 5.) She further conclusively asserts, with no supporting facts, that she was "made to do more work than [her] white counter partners [sic]" and "was set up to fail, and made to work in a hostile environment." (*Id.* at 6.) Plaintiff claims that Mancan "did nothing to address my issues or concerns brought to their [sic] attention[,]" and even though she "complained of race discrimination, there was nothing done." (*Id.*) Finally, she alleges that, following her termination by the Hospital, Mancan retaliated against her by "not allowing [her] any further work opportunities with their agency[.]" (*Id.*)

Plaintiff's allegations do not satisfy the pleading standards of *Twombly* and *Iqbal*. Although the Court can see some wisdom in the R&R's recommendation to dismiss for the more

narrow reason of failure to exhaust, the Court concludes that, under 28 U.S.C. § 1915(e)(2)(B)(ii), a case brought *in forma pauperis* "shall [be] dismiss[ed] … at any time if the court determines that … the action … fails to state a claim on which relief may be granted[.]" That is the case here. Plaintiff has nothing but conclusory assertions that the way she was allegedly treated was based on her race or was in retaliation (for what exactly, the complaint does not say). Plaintiff had an opportunity to respond to Mancan's specific attack on the sufficiency of her complaint, but failed to do so.

The Court sustains Mancan's first objection to the R&R and, upon *de novo* review of Mancan's motion for judgment on the pleadings, determines that, even applying principles of liberal construction, the complaint fails to meet the pleading standards of *Twombly* and *Iqbal*.

### 2. Failure to Grant Dismissal With Prejudice

Mancan also objects to the R&R's recommendation that the case be dismissed without prejudice. As noted above, the R&R made this recommendation on the basis of defendant's failure to file any reply brief opposing plaintiff's request for dismissal with prejudice. Mancan argues that no reply was necessary because its original motion had requested dismissal with prejudice.

Prior to bringing a claim of employment discrimination under Title VII, a plaintiff is required to exhaust her administrative remedies by filing a timely charge with the EEOC and receiving a right to sue letter. *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003) (citations omitted). Failure to do so is cause for dismissal of a federal case. *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 993 (6th Cir. 2009) (citing cases). Under 42 U.S.C. § 2000e-5(e)(1), a charge is timely if it is filed with the EEOC within 180 days from the date of the alleged discrimination. If a person lives in a deferral state, such as Ohio, and initiates the charge with the

7

state agency, the period for filing an EEOC charge is lengthened to 300 days. *Nichols*, 318 F.3d at 678. "A claim is time barred if it is not filed within these time limits." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002).

As already noted above, the Court can see some wisdom in dismissing without prejudice to permit a plaintiff the opportunity to cure a failure to exhaust administrative remedies, if that is still possible. But, given the present posture of this case, dismissal without prejudice for that purpose would be an exercise in futility.

Plaintiff here was terminated from her employment on March 11, 2016; therefore, that is the latest possible date for accrual of her discrimination and retaliation claims. She would have had until September 7, 2016 to file an EEOC charge. The R&R was not issued until September 28, 2016 and there was no evidence that plaintiff had filed a charge by that time, even though she was already on notice of the exhaustion problem due to the motions for judgment on the pleadings filed on July 25, 2016 and August 17, 2016. Plaintiff's claims are clearly time-barred.[4]

Mancan (and, for that matter, the Hospital) is entitled to dismissal with prejudice because there is currently no way for plaintiff to satisfy the administrative prerequisites to bringing a Title VII claim. Accordingly, Mancan's second objection to the R&R is sustained.

---

[4] Even if the Court were to apply the 300-day deadline (and there is no suggestion in this record that such would be warranted), plaintiff is still too late, since that deadline would have expired on January 5, 2017.

### III. CONCLUSION

For the reasons set forth herein, the Court sustains the objections to the R&R, and dismisses this action in its entirety, against both defendants,[5] with prejudice. Further, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: March 14, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[5] Although the Hospital did not file any objections to the R&R, the Court is required to *sua sponte* dismiss an action brought *in forma pauperis* at any time it becomes apparent that the action fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).